# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SOJOURNER-DOUGLASS COLLEGE | * | |
| | * | |
| v. | * | Civil No. – JFM-15-1926 |
| | * | |
| MIDDLE STATES ASSOCIATION OF | * | |
| COLLEGES AND SCHOOLS | * | |

## MEMORANDUM

Defendant has filed a motion for summary judgment. The motion will be granted.

Previously, Judge Ellen Hollander, to whom the case was then assigned, held a three day hearing on a motion for preliminary injunction filed by plaintiff. She issued an 80-page opinion denying the motion. Plaintiff has presented no new evidence on the merits of its claim. "The proper standard of review of actions by private accrediting agencies considers only whether the accreditation decision was supported by substantial evidence or [was] otherwise arbitrary and capricious." *Professional Massage Training Center, Inc. v. Accreditation Alliance of Career Schools and Colleges*, 781 F.3d 161, 166 (4th Cir. 2015). Here, plaintiff has presented no evidence that the decision stripping plaintiff of its accreditation was not supported by substantial evidence or was otherwise arbitrary and capricious. Accordingly, defendant's motion is well-founded.

The only new evidence that plaintiff has presented since the holding of the three day hearing before Judge Hollander is the deposition of Jean Hemphill, Esq. Plaintiff alleges that this deposition establishes "a fatal conflict of interest in that Ms. Hemphill represented the hearings appeals panel while she had represented the Commission from whom the appeal was

taken. This contention is not well-founded. Hemphill did represent the Commission, and she served as counsel to the appeal panel. However, her representation of the appeals panel was limited to discussing with the panel prior to the appeals hearing procedural matters. The panel did not consult Hemphill as to the merits of the appeal and she offered no information, advice or recommendation with regard to the merits of the appeal. Moreover, although the appeal panel concluded that there was no conflict of interest, it ruled that counsel for plaintiff would be permitted to be present in the event that the hearing panel consulted with Hemphill at any time during the appeals process. In fact, the hearing appeal panel did not consult with Hemphill again.

The Commission's opinion, confirmed by the appeals panel, was supported by substantial evidence and was not in any way arbitrary and capricious. Accordingly, defendant is entitled to the summary judgment that it seeks.

Date: May 5, 2016

J. Frederick Motz
United States District Judge

2016 MAY -4  PH 12: 03
CLERK'S OFFICE
AT BALTIMORE
FILED U.S. DISTRICT COURT DISTRICT OF MARYLAND
BY_____ DEPUTY